(No. 5275-)

DANIEL E. EDGECOMBE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 14, 1966.*

ARMSTRONG, WINTERS, PRINCE AND TENNEY, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

PEZMAN, J.

Claimant, Daniel E. Edgecombe, seeks to recover from the State of Illinois the sum of $450.00, which was deposited by him as evidence of financial responsibility in accordance with Chap. 95½, 1965 Ill. Rev. Stats., commonly known as the "Safety Responsibility Provision of the Motor Vehicle Law" of the State of Illinois. Claimant alleges that, as the result of an automobile accident in which he was involved on the 21st day of November, 1960, he deposited as respon-

sibility security the sum of $450.00 with the Secretary of State, and received for the same a receipt issued by that office. Claimant further alleges that all claims of a civil nature regarding said accident have been disposed of, and that a demand was made upon the Secretary of State for the return or refund of the deposit of $450.00, but was refused return of the money by virtue of the fact that the security deposit had been transferred to the General Revenue Fund of the State Treasury in accordance with Sec. 7-503 of the Illinois Motor Vehicle Law. No Departmental Report was filed by the Secretary of State, but attached to the complaint is a photographic copy of a letter, dated January 25, 1966, which indicates that the security was deposited on April 7, 1961, and was transferred to the General Revenue Fund in the State Treasury on September 1, 1964. In compliance with the statute, the Office of the Secretary of State, Drivers License Division, Safety Responsibility Section, did notify claimant on July 15, 1964 that such action would be taken.

Section 7-503 of Chap. 95½, Ill. Rev. Stats., provides as follows:

"During July, annually, the Secretary of State shall compile a list of all securities on deposit, pursuant to this Article, for more than three years and concerning which he has received no notice as to the pendency of any judicial proceeding that could affect the disposition thereof. Thereupon, he shall promptly send a notice by certified mail to the last known address of each such depositor advising him that his deposit will be subject to escheat to the State of Illinois if not claimed within thirty days after the mailing date of such notice. At the expiration of such time, the Secretary of State shall file with the State Treasurer an order directing the transfer of such deposit to the General Revenue Fund in the State Treasury. Upon receipt of such order, the State Treasurer shall make such transfer, after converting to cash any other type of security. Thereafter any person having a legal claim against such deposit may enforce it by appropriate proceedings in the Court of Claims subject to the limitations prescribed for such Court. At the expiration of such limitation period such deposit shall escheat to the State of Illinois." (Added by act approved Aug. 7, 1961. L. 1961, p. 2868.)

On March 28, 1966, a written stipulation was filed with

this Court, the same having been entered into between claimant and respondent by their respective attorneys, whereby the evidence mentioned herein above as being attached to the complaint of claimant was admitted into evidence without objection by either party. The stipulation further agreed that no oral or written evidence would be introduced, and that briefs would be waived by both parties. It further stated that both parties would waive notice of any hearing, and agreed that the aforesaid order could be entered without either party being present.

Pursuant to this stipulation, and by authority of the language contained in Sec. 7-503 of Chap. 95½, 1965 Ill. Rev. Stats., claimant is awarded the sum of $450.00.